James M. Andriola, Esq.
**Andriola Law, PLLC**
1385 Broadway, 22nd Floor
New York, NY  10018
Telephone:  646-209-9863
Email:  james@andriolalaw.com

*Attorneys for 404 East 79th Street Lender LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RORA LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 1-19-40354-ESS |

**OBJECTION OF 404 EAST 79TH STREET LENDER LLC**
**TO DEBTOR'S DISCLOSURE STATEMENT**

404 East 79th Street Lender LLC (the "Lender"), by and through its counsel Andriola Law,

PLLC, hereby objects to the Disclosure Statement (Dkt. No. 34, the "Disclosure Statement") filed

by the Debtor Rora LLC (the "Debtor") on June 17, 2019, for the reasons set forth herein.[1]

**PRELIMINARY STATEMENT**

The Debtor is a single-asset real estate entity owning a parking garage and its primary

creditors are the Lender, as a first mortgagee for a loan in the original principal amount of

$1,400,000.00 (the "Loan"), and The Board of Managers of Hampton House Condominium (the

"Condo Board"), as holder of a common charge lien based on the Debtor's failure to pay certain

charges, fees and assessments.  There are a small number of other creditors holding a minimal

---

[1] The Plan is labeled "Disclosure Statement for *Small Business* Under Chapter 11 for Plan of Reorganization of the Debtor under Chapter 11 of the Bankruptcy Code" (emphasis added).  As per a previous filing in this case, the Debtor should have been designated as a single asset real estate debtor and not a small business.

amount of unsecured claims.   For the reasons set forth herein, the Debtor has not satisfied the requirements of 11 U.S.C. §1125.

## FACTUAL BACKGROUND

### The Debtor's Property

1.      The Debtor's sole asset is certain real property known as Commercial Unit A, The Hampton House Condominium, 404 East 79th Street, New York, New York, also known as Block 1473, Lot 1001 on the official Tax Map of the City of New York (the "Property").

2.      The Lender has filed with this Court a broker's opinion of value stating that the fair market value of the Property is in the range of $2,500,000.00 – $2,600,000.00.  (Dkt. No. 17-17).

3.      The Debtor has filed with this Court an appraisal stating the "as is" market value of the Property is $4,000,000.00 (Dkt. No. 27-1).

### The Loan and the Defaults

4.      The Lender is the present holder of a First Mortgage Note dated February 9, 2016 (together with any amendments or modifications, the "Note") and the First Mortgage and Security Agreement dated February 9, 2016 (together with any amendments or modifications, the "Mortgage"), each executed by the Debtor (collectively, with all other documents executed in connection therewith, the "Loan Documents").  *See* Declaration of Abraham Kassin in Support of Motion of 404 East 79th Street Lender LLC to Dismiss Debtor's Chapter 11 Case as a Bad Faith Filing, or alternatively, for Relief from the Automatic Stay (Dkt. No. 17) ("Kassin Decl.") at Exs 1, 2, 3 and 4 (Dkt. Nos. 17-4, 17-5, 17-6 and 17-7).

5.      The Debtor defaulted under the Loan Documents by failing to make monthly debt service payments for March 2017, and each month thereafter.  *See* Kassin Decl. at ¶ 11.

### Procedural History before this Court

6.      On January 21, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code in this Court (Dkt. No. 1).

7.      On March 20, 2019, the Lender filed a Motion to Dismiss Debtor's Chapter 11 Case as a Bad Faith Filing, or, alternatively, for Relief from the Automatic Stay (Dkt. No. 17) (the "Dismissal/Stay Relief Motion").

8.      On April 26, 2019, the Lender filed a Proof of Claim, and Amended Proof of Claim, in the amount of $1,905,038.11 on the basis of the Loan (the "Claim").  Claims Register, Claim No. 3-1 and 3-2.

9.      At a hearing conducted on May 15, 2019, the Dismissal/Stay Relief Motion was continued by the Court and the Debtor was given until June 14, 2019 to file its plan of Reorganization.  On June 17, 2019, the Debtor filed its Plan (Dkt. No. 35), as well as its Disclosure Statement.  (Dkt. No. 34).

### Amount of Lender's Claim

10.      As of the Petition Date, and pursuant to the Judgment, the Debtor was obligated to Lender in an amount not less than $1,905,038.11 calculated as follows:

| | |
|---|---|
| Amount Awarded in Judgment: | $1,473,050.82 |
| Interest @ 24% from 11/1/17 to 1/21/19 (as mandated by Judgment): | $431,987.29 |
| Total: | $1,905,038.11 |

3

**Allowability of Lender's Claim**

11.     The Claim is prima facie evidence of its validity and amount (*see* Fed. R. Bankr. P. 3001(f)), and to overcome this prima facie evidence the Debtor bears the burden of coming forward with sufficient evidence in rebuttal.  *See In re Reilly*, 245 B.R. 768, 773 (2d Cir. 2000).

## OBJECTIONS TO THE DEBTOR'S DISCLOSURE STATEMENT

### A.  The Disclosure Statement Provides Insufficient Description and No Details Concerning the Means of Implementation of the Plan

12.     Section 1125(a) of the Bankruptcy Code requires that a disclosure statement contain "adequate information" of a "kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests...to make an informed judgment about the plan, but adequate information need not include information about any other possible or proposed plan" 11 U.S.C. 1125(a)(1).  Here, the Disclosure Statement does not contain adequate information as is required under section 1125 of the Bankruptcy Code.

13.     The Disclosure Statement contains a section entitled "Means of Implementing the Plan" which states *in its entirety*:

> The Debtor shall fund the Plan by selling the Property, or in the alternative, refinancing the mortgage on the Property.  Under the Plan the Debtor shall retain a real estate broker and market the Property for sale. The Debtor shall have through November 30, 2019 to enter into contract for a sale of the Property or refinance of the mortgage at a price sufficient to pay all creditors in full. The Debtor shall have through December 30, 2020 to close such sale or refinance of the mortgage. In the event that the Debtor fails to meet those deadlines, the Debtor shall be required within 7 days to file a motion with the Bankruptcy Court to sell the Property at an auction to be held at the Bankruptcy Court or such other place that is mutually acceptable to the Debtor, the Lender, and Hampton House. The Debtor shall have the option at all times to refinance the Property provided

that such refinancing is at an amount sufficient to pay all creditors in full. The Debtor's counsel Morrison Tenenbaum PLLC shall be the disbursing agent under the Plan.

Disclosure Statement at p. 10.

14.     This section provides no details concerning the Debtor's Plan of "selling the Property, or in the alternative, refinancing the mortgage on the Property." As to selling the Property, it does not disclose the price at which it intends to market the Property or the name of the real estate broker it intends to retain to market the Property (let alone the commission that will be paid to the contemplated broker).

15.     Later in the Disclosure Statement, the Debtor states that it "has received several offers post-petition that are enough to pay all creditors in full (Disclosure Statement at p. 11)," but it does not disclose any detail about said offers such as the price or who made them (so that the Court and the creditors can determine the legitimacy of said offers). The Debtor also fails to explain why it did not accept any of these purported offers.

16.     As to refinancing the Property, the Disclosure Statement provides no information whatsoever including the type of lender being sought – institutional or private – the amount of financing being sought, the duration of the loan, the interest rate to be paid, or how Debtor intends to make debt service payments given its prior failure to do so (which in turn lead to a State Court Foreclosure Action and this case).

**B. The Disclosure Statement Provides Inadequate Information as to the Duration to of the Plan**

17.     The Plan proposed by Debtor gives it until "November 30, 2019" to enter into a contract to sell the Property and until "December 30, 2020" to close on such a contract. Disclosure Statement at p. 10. As to the first date, given Debtor's claim that that it "has received several offers post-petition that are enough to pay all creditors in full (Disclosure Statement at p.

11),'' it should not be given over four months to market the Property. Rather, the Debtor should promptly enter into a contract of sale so that this case can be brought to a conclusion in a timely manner. As to the second date, it is either a typographical error meant to be December 30, 2019, or an inordinately long time – thirteen months for a closing.

18.     Finally, Exhibit E to the Disclosure Statement under-estimates the amount of interest to be paid to Lender on the effective date. Based on the Judgment of Foreclosure and Sale in the State Court Foreclosure Action, interest should be in the range of $400,000.00 to $450,000.00 (based on Debtor's proposed timing).

19.     Lender reserves its right to supplement its objections in advance of, or at, the hearing on the Debtor's motion and Lender reserves its right to object to any and all aspects of the Plan.

Dated: New York, New York
      July 9, 2019

                            **ANDRIOLA LAW, PLLC**

                            By:  */s/ James M. Andriola*
                            James M. Andriola, Esq.
                            1385 Broadway, 22nd Floor
                            New York, NY  10018
                            Telephone:  646-209-9863
                            Email:  james@andriolalaw.com

                            *Attorneys for 404 East 79th Street Lender LLC*

James M. Andriola, Esq.
**Andriola Law, PLLC**
1385 Broadway, 22nd Floor
New York, NY  10018
Telephone:  646-209-9863
Email:  james@andriolalaw.com

*Attorneys for 404 East 79th Street Lender LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

RORA LLC,

                Debtor.

Chapter 11

Case No. 1-19-40354-ESS

<u>**CERTIFICATE OF SERVICE**</u>

       I, James M. Andriola, Esq., hereby certify that on July 9, 2019, the foregoing OBJECTION OF 404 EAST 79TH STREET LENDER LLC TO DEBTOR'S DISCLOSURE STATEMENT was served electronically via the Courts ECF system on all parties to this case entitled to receive electronic notice of same.

Dated: New York, New York
       July 9, 2019

                           By:  *<u>/s/ James M. Andriola</u>*
                           James M. Andriola, Esq.